# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN COOK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case Number CIV-05-289-C |
| | ) |
| MEDICAL SAVINGS INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff John Cook (Cook), brings this action under diversity of citizenship jurisdiction, 28 U.S.C. § 1332. "If the parties do not raise the question of lack of jurisdiction, it is the duty of the federal court to determine the matter sua sponte." Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974). In reviewing the litigants' pleadings in light of the pending status conference slated for June 2, 2005, the Court discovered that Cook has not properly pleaded facts necessary to establish the Court's jurisdiction under the diversity statute—neither Defendant Medical Savings Insurance Company's state of incorporation nor its principal place of business is clearly alleged on the face of the complaint.[*] See 28 U.S.C. § 1332(c); Basso, 495 F.2d at 909. Although Cook pleaded, and Defendant admitted, that "Defendant . . . is a foreign insurance company doing business in the State of Oklahoma" (Pl.'s Compl., Dkt. No. 1, ¶ 2; Def.'s Answer, Dkt. No. 8, ¶ 2),

---

[*] The caption of Cook's complaint refers to Defendant as "an Indiana Corporation." The caption is not an averment that can be either admitted or denied; therefore, Cook has failed to properly plead Defendant's state of incorporation.

Cook's averment is jurisdictionally deficient under the diversity statute. Tuck v. United Servs. Auto. Ass'n, 859 F.2d 842, 844 (10th Cir. 1988). Moreover, Defendant cannot admit jurisdictional facts that were never alleged. Id. at 844 n.2.

Diversity jurisdiction is, by Congress's intent, a restrictive and limited form of federal jurisdiction; to effectuate this intent, federal courts strictly construe the diversity statue. Buell v. Sears, Roebuck & Co., 321 F.2d 468, 470 (10th Cir. 1963). "To be observant of these restrictions is not to indulge in formalism or sterile technicality but is essential to the proper exercise of limited jurisdiction." Id. "[L]ack of jurisdiction cannot be waived and jurisdiction cannot be conferred upon a federal court by consent, inaction or stipulation." Basso, 495 F.2d at 909. Consequently, Cook has the duty to properly plead all facts essential to show diversity of citizenship jurisdiction, as there is a presumption against its existence. Id.

Normally, FED. R. CIV. P. 12(h)(3) requires the dismissal of Cook's complaint. However, it appears to the Court that Cook has a basis for diversity of citizenship jurisdiction and that dismissal would be imprudent. 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."); Buell, 321 F.2d at 471; 5 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1214 (3d ed. 2004). Accordingly, the Court grants Cook leave to file a supplemental complaint on or before May 30, 2005, in order to correct his deficient jurisdictional allegations. FED. R. CIV. P. 15(d); 28 U.S.C. § 1653. If Cook fails to file a supplemental complaint, the

Court will dismiss the action without prejudice. If Cook does timely file, no further pleadings by Defendant will be required.

    IT IS SO ORDERED this 23rd day of May, 2005.

*/s/ Robin J. Cauthron*
ROBIN J. CAUTHRON
United States District Judge