## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN COOK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case Number CIV-05-289-C |
| | ) |
| MEDICAL SAVINGS INSURANCE | ) |
| COMPANY, an Indiana Corporation, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

In an Order dated May 23, 2005, the Court granted Plaintiff John Cook (Cook) leave to amend his complaint and correct deficient diversity of citizenship jurisdiction allegations. (Order, Dkt. No. 16.)  Cook timely filed an amended complaint asserting that "Defendant, Medical Savings Insurance Company, is a foreign insurance company domiciled in the State of Indiana and doing business in the State of Oklahoma."  (Pl.'s First Am. Compl., Dkt. No. 17, ¶ 2.) Cook's allegations are again deficient as both Defendant's state of incorporation[*] and its principal place of business are not clearly alleged on the face of the amended complaint.

Cook has the duty to properly plead each and every fact essential to show diversity of citizenship jurisdiction, as there is a presumption against its existence. Buell v. Sears, Roebuck & Co., 321 F.2d 468, 470 (10th Cir. 1963).  Assuming that Defendant is a corporation, Cook must go beyond his conclusory allegations of diversity jurisdiction and properly plead on the

---

[*] The caption of Cook's amended complaint again refers to Defendant as "an Indiana Corporation."  The caption is not an averment of jurisdiction that can be either admitted or denied; therefore, Cook has failed to properly plead Defendant's state of incorporation on the face of the amended complaint. See FED. R. CIV. P. 8.

face of the complaint Defendant's state of incorporation and its principal place of business. 28 U.S.C. § 1332(c).  For Defendant's principal place of business, Cook may allege either the exact state where Defendant maintains its principal place of business or that Defendant's principal place of business is in a state other than Oklahoma.  Amoco Rocmount Co. v. Anschutz Corp., 7 F.3d 909, 915-16 (10th Cir. 1993); Hendrix v. New Amsterdam Cas. Co., 390 F.2d 299, 300 (10th Cir. 1968).

Here, Cook's allegation that Defendant is a "foreign insurance company domiciled in the State of Indiana" is insufficient to comply with the diversity statute for two reasons.  First, it fails to establish that Defendant is actually a corporation, as opposed to any other form of business, and its state of incorporation.  Second, it fails to establish, at a minimum, that Defendant's principal place of business is in a state other than Oklahoma.  Accordingly, the Court grants Cook leave to file a second amended complaint on or before June 16, 2005, in order to correct his deficient allegations of diversity jurisdiction.  FED. R. CIV. P. 15(d); 28 U.S.C. § 1653.  If Cook fails to timely file a second amended complaint properly pleading diversity jurisdiction, the Court will dismiss Cook's action without prejudice.  If Cook does timely file, no further pleadings by Defendant will be required.

IT IS SO ORDERED this 9th day of June, 2005.

ROBIN J. CAUTHRON
United States District Judge