# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN COOK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case Number CIV-05-289-C |
| | ) |
| MEDICAL SAVINGS INSURANCE | ) |
| COMPANY, an Indiana Corporation, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Now before the Court is a Motion to Quash and for Protective Order filed by Defendant Medical Savings Insurance Company (MSIC). Plaintiff John Cook (Cook) filed a response in accordance with the Court's directive; therefore, the motion is ripe for disposition. The Court, upon full consideration of the motion and the applicable law, now **DENIES** MSIC's Motion to Quash and for Protective Order

This ancillary discovery dispute stems from Cook's suit against MSIC for bad faith and fraud. Cook alleges, inter alia, that MSIC acted in bad faith by refusing to pay Cook's claim above the amount that MSIC considered to be the reasonable and customary charges for the type of medical care Cook received. Cook filed notice to depose the Chairman of MSIC, Patrick Rooney (Rooney). MSIC moves the Court to quash Rooney's deposition notice and grant a protective order prohibiting his deposition. MSIC argues that the deposition of Rooney is unwarranted, unreasonable, and ultimately irrelevant given his executive position and lack of knowledge pertinent to the issues in the action. MSIC further

argues that Cook cannot show a connection between Rooney and MSIC's decision to pay only reasonable and customary charges.

In federal court, Cook may discover all non-privileged matters relevant to his case, Fed. R. Civ. P. 26 (b)(1), including soliciting deposition testimony from "any person," Fed. R. Civ. P. 30(a)(1).  Contrary to MSIC's assertions, Rooney was directly involved in drafting MSIC's sales brochures (Pl.'s Resp., Dkt. No. 37, Ex. 2, at 28) and in making the strategic decision to implement the reasonable and customary determination process throughout MSIC (id. at 45-47).  Rooney's knowledge and involvement is clearly relevant, Fed. R. Evid. 401, and is, at the least, reasonably calculated to lead to admissible evidence, Fed. R. Civ. P.. 26(b)(1).  Therefore, MSIC's Motion to Quash and for Protective Order [Dkt. No. 35] is **DENIED**.  MSIC's Motion for Leave to File Reply [Dkt. No. 38] is also **DENIED**.

IT IS SO ORDERED this 29th day of September, 2005.

_____
ROBIN J. CAUTHRON
United States District Judge