**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JOHN COOK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case Number CIV-05-289-C |
| | ) |
| MEDICAL SAVINGS INSURANCE | ) |
| COMPANY, an Indiana Corporation, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Now before the Court are two motions filed by Plaintiff John Cook (Cook):  the first, a Motion to Compel Discovery, and the second, a Motion to Supplement Motion to Compel which relates to, and more narrowly focuses, the same issues as delineated in Cook's first motion.  Defendant Medical Savings Insurance Company (MSIC) timely filed a response to both motions.  The litigants complied with LCvR37.1; therefore, these motions are ripe for disposition.  The Court considered the briefs and legal arguments of the litigants and now **GRANTS** Cook's Motions.

**BACKGROUND**

This ancillary discovery dispute stems from Cook's bad faith and fraud action against MSIC.  The dispute centers upon Cook's interrogatory involving a financial calculation along with a corresponding request for production of documents related thereto.  MSIC objected to both the interrogatory and its related request for production and the litigants are now at an

impasse.  However, subsequent to Cook filing his Motion to Compel, MSIC supplied a partial response to the disputed discovery requests.

## DISCUSSION

Cook's Interrogatory No. 12 asks MSIC to "[s]tate the total amount of medical provider charges that MSIC has disallowed as excessive under its 'reasonable and customary' or 'reimbursable charge' determinations in Oklahoma since MSIC's October 21, 2002 letter." (Pl.'s Mot. to Compel, Dkt. No. 72 at 2.)  Cook's corresponding request for production number 51 asks MSIC to

> [p]roduce a copy of all reports, memoranda, writings or documents of any kind whatsoever pertaining to [MSIC]'s calculation or computation of amounts saved by [MSIC] by utilizing the 'reasonable and customary' or 'reimbursable charge' methods of reimbursement on charges or billed amounts that [MSIC] feels are in excess of 'reasonable and customary' or 'reimbursable charge' amounts.  This would include any and all actuarial information that MSIC used to represent to the Oklahoma Insurance Department that MSIC's loss ratio in Oklahoma is 67.6%.

(Id. at 3.)  MSIC responds that it has now produced all information relevant to Cook's Interrogatory No. 12 and Request for Production No. 51, except for responsive information related to a claim by Dr. Jerome Miller (the Miller claim) and MSIC's original spreadsheet charts detailing its "reasonable and customary" and "reimbursable charge" calculations.  The Court, after canvassing the applicable law, finds that the disputed information and spreadsheets are discoverable.

## I.      Cook's Interrogatory No. 12.

MSIC contends that the Miller claim information falls under the terms of a confidential settlement agreement between Dr. Miller and MSIC, and will not disclose the information absent a Health Insurance Portability and Accountability Act complaint release or an order of the Court.  MSIC does not dispute that the Miller claim information is relevant and thus discoverable.

[D]iscovery rules are to be accorded a broad and liberal treatment. . . . Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." Hickman v. Taylor, 329 U.S. 495, 507 (1947).  Fed. Rs. Civ. P. 26(b)(1)[1] and 34(a)[2] permit Cook to discover evidence relevant to his claims, including information and documents not admissible at trial but reasonably calculated to lead to admissible evidence.  See also 8 Charles Alan Wright et al., Federal Practice and Procedure § 2008 (2d ed. 1994) ("[A]dmissibility at the trial is not the limit of discovery and discovery may properly be had of inadmissible matter.").  Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401.  Accordingly, the Court orders MSIC to disclose the same type of information from the Miller claim as

---

[1] "Parties may obtain discovery regarding any matter . . . that is relevant to the . . . defense of any party, including the existence, description, nature, custody, condition, and location of any . . . documents . . . .  Relevant information need not be admissible . . . if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Rule 26(b)(1).

[2] "Any party may serve on any other party a request (1) to produce and permit the party making the request . . . to inspect and copy, any designated documents . . . ."  Rule 34(a).

previously produced on all other claims which, according to Cook, are the billed charges, the Medicare plus 26% amount that MSIC originally offered, and the amount subsequently paid. All other information contained within the confidential settlement agreement shall not be disclosed.

The Court is certainly mindful of MSIC's confidentiality concerns surrounding the discovery of the Miller claim information. If the litigants so desire, the Court will enter a protective order upon motion. <u>See</u> Fed. R. Civ. P. 26(c).

**II.     Cook's Request for Production No. 51.**

MSIC contends that its original spreadsheets are protected by the attorney-client privilege and, in any regard, when the spreadsheets are redacted, the remaining information is the same as the information already produced, albeit in different form. MSIC's arguments are unpersuasive.

MSIC, as the party asserting a privilege, bears the burden of establishing its applicability. <u>Motley v. Marathon Oil Co.</u>, 71 F.3d 1547, 1550 (10th Cir. 1995) (discussing attorney-client privilege); <u>Resolution Trust Corp. v. Dabney</u>, 73 F.3d 262, 266 (10th Cir. 1995) (discussing attorney work-product privilege). Here, beyond the mere conclusory assertion that the spreadsheets are privileged, MSIC fails to shoulder its burden by demonstrating that the spreadsheets were generated either for the purpose of obtaining legal advice or in anticipation of litigation. <u>Grand Jury Proceedings v. United States</u>, 156 F.3d 1038, 1042 (10th Cir. 1998); <u>see</u> <u>Motley</u>, 71 F.3d at 1550-51. Moreover, MSIC has already produced the information at issue, thereby waiving any privilege potentially applicable.

Grace United Methodist Church v. City of Cheyenne, 427 F.3d 775, 801-02 (10th Cir. 2005) (discussing waiver of attorney work-product privilege); United States v. Bump, 605 F.2d 548, 551 (10th Cir. 1979) (discussing waiver of attorney-client privilege).  MSIC's assertion that the format of the original spreadsheets may reveal its counsel's thoughts is entirely speculative.  The Court orders MSIC to produce the original spreadsheets, including the Miller claim information, with all personal patient information and other information not requested properly redacted.

## III.    Expenses Under Fed. R. Civ. P. 37.

MSIC provided the requested disclosure, minus the Miller claim information, subsequent to Cook filing his motion to compel.  MSIC neither disputes this fact nor proffers an explanation for its tardiness.  In light of the Court granting Cook's motions, and MSIC's unexplained tardiness, the imposition of sanctions under Fed. R. Civ. P. 37(a)(4)(A)[3] is mandated.  "In the past, Rule 37 may have been considered a paper tiger, but the time has now come to put teeth in the tiger."  Gates v. United States, 752 F.2d 516, 517 (10th Cir. 1985).  The Court awards Cook all reasonable expenses, including attorney's fees, incurred in the making of his March 3, 2006, Motion to Compel.  Expenses incurred for

---

[3]        If the motion [to compel] is granted or if the disclosure or requested discovery is provided after the motion was filed, the court *shall* . . . require the party . . . whose conduct necessitated the motion . . . to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that . . . the opposing party's nondisclosure . . . was substantially justified . . . .

Fed. R. Civ. P. 37(a)(4)(A) (emphasis added).

-5-

Cook's March 10, 2006, supplemental motion will not be awarded, as MSIC's confidential settlement with Dr. Miller substantially justified its nondisclosure of the Miller claim information. Rule 37(a)(4)(A).

## CONCLUSION

Cook's Motion to Compel Discovery [Dkt. No. 72] and Motion to Supplement Motion to Compel [Dkt. No. 76] are **GRANTED** as delineated herein. MSIC is to produce the information and original spreadsheets as requested by Cook and approved by the Court within fifteen days from the date of this Order.

Counsel shall confer in an attempt to reach an agreement on the reasonable amount of expenses. If an agreement cannot be reached, Cook shall file a specific request, properly supported, within fifteen days from the date of this Order.

IT IS SO ORDERED this 17th day of March, 2006.

ROBIN J. CAUTHRON
United States District Judge