IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOHN COOK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case Number CIV-05-289-C |
| | ) | |
| MEDICAL SAVINGS INSURANCE | ) | |
| COMPANY, an Indiana Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

Now before the Court are five Motions in Limine, four filed by Plaintiff John Cook (Cook) and one filed by Defendant Medial Savings Insurance Company (MSIC).  The litigants have timely filed a response to each motion; thus they are ripe for adjudication.

**I.      Cook's First Motion in Limine.**

Cook moves the Court to exclude any mention by MSIC of his $450,000.00 annual income.  Cook contends that such testimony is both irrelevant and unfairly prejudicial as he neither seeks damages for lost income nor claims that he was unable to pay the portion of his medical bills MSIC declined to cover under the insurance policy.  MSIC contends that the jury should hear Cook's annual income in order to fully assess Cook's damages claim for mental pain and suffering.  MSIC asserts that a six-month, $10,000.00 insurance dispute could not have caused an experienced insurance broker with such high income much mental anguish.  MSIC failed to proffer citation to any authority, legal or otherwise, in support of its argument that an individual's tolerance to mental pain and suffering is assuaged in direct proportion to earnings.  As Cook is not seeking lost earnings, the Court agrees that Cook's

income has little relevance, if any, to his mental pain and suffering; moreover, what little, if any, probative value this evidence may have as to Cook's mental suffering is substantially outweighed by unfair prejudice.  Fed. R. Evid. 401, 403.  Exclusion of any evidence pertaining to Cook's annual income is appropriate.

## II.    Cook's Second Motion in Limine.

Cook moves the Court to exclude evidence of his allegedly incorrect answers on his application for insurance.  Cook contends that MSIC waived the affirmative defenses of fraud and misrepresentation and that evidence of incorrect answers on his application are irrelevant to either of his claims.  MSIC essentially agrees with Cook but maintains that this evidence is admissible under Rule 608 as probative evidence of Cook's character for truthfulness.  Having reviewed Cook's deposition testimony on this issue, and assuming his testimony at trial would be consistent, the Court finds this evidence is only slightly probative of credibility, and what slight probative value it might have is far outweighed by considerations of undue delay and waste of time.  Fed. R. Evid. 403.  The motion will therefore be granted.

## III.    Cook's Third Motion in Limine.

Cook moves the Court to exclude argument by MSIC that Troy Russell (Russell) acted as an agent for Cook, not MSIC, during the sale of the insurance policy.  MSIC argues that this case is principally one for bad faith and that an agent's actions in selling the policy cannot give rise to bad faith.  MSIC overlooks the fact that Cook also claims deceit via misrepresentation or nondisclosure/concealment.  As a company, MSIC may only act through

its employees; thus Russell's status as an agent for MSIC is a prerequisite to recovery under Plaintiff's claim of deceit.  Here, without a doubt, Russell acted as MSIC's agent when Cook purchased his insurance policy.  (Pl.'s Br, Dkt. No. 92, Ex. 1, 2.)  In addition, even absent the evidence Cook presents, MSIC admits that Russell sold Cook the insurance policy in dispute (Def.'s Br, Dkt. No. 106, at 1.); therefore, as a matter of law Russell is regarded as representing MSIC – not Cook – during the selling phase of the insurance policy in dispute. 36 Okla. Stat. § 1435.3(A).  Exclusion of this line of argument by MSIC is appropriate.

**IV.     Cook's Fourth Motion in Limine.**

Cook moves the Court to exclude any argument or reference to any alleged "lawsuit crisis," the need for tort reform, lawsuit abuse, the number of "frivolous lawsuits," or similar terms or phrases.  Cook contends that such evidence and/or argument is irrelevant to the issues in this action.  In a terse response, MSIC contends that it is allowed to present arguments drawing on the jury's own understanding and experience, which includes fair comment on the current issues within the legal system.  MSIC's contention is baseless and it is no surprise that MSIC fails to cite legal authority supporting its argument.  Comment on current concerns regarding the legal system in general is wholly irrelevant.  Rule 401, 402. Exclusion of this line of comment is certainly appropriate.

V.    **MSIC's First Motion in Limine.**

   A.    **Cook's Claim for Punitive Damages.**

MSIC moves the Court to restrict comment on punitive damages, including any discussion on MSIC's finances, until the Court determines the issue should be submitted to the jury.  Cook essentially agrees with MSIC's reasoning but points out that MSIC's potential argument that its "Medicare + 26%" methodology actually protects insureds and keeps premiums low would open the door to Cook's introduction of MSIC's profits and industry loss ratio.  First, the Plaintiff may comment on his request for punitive damages, in voir dire and opening statement.  It is only evidence of net worth that is at issue in the motion in limine.  Until Cook demonstrates a prima facie case for punitive damages, or makes evidence of MSIC's net worth or financial condition relevant in some other way, any evidence concerning MSIC's financial condition would be improper.  Therefore, MSIC's motion is granted in part on this issue but subject to reconsideration at trial if MSIC opens the door in any way to a discussion of the issue.

   B.    **Past Clients of Defense Counsel.**

MSIC moves the Court to exclude any mention that MSIC's counsel has represented plaintiffs in bad faith litigation against other insurance companies.  Cook states that unless MSIC introduces evidence making a discussion on this issue relevant, he does not intend to offer comment.  Accordingly, MSIC's motion on this issue is granted.

### C.     MSIC's Campaign Contributions.

MSIC moves the Court to exclude evidence that MSIC made financial campaign contributions to former Oklahoma Insurance Commissioner Carroll Fisher (Fisher) while numerous complaints by insureds were pending against MSIC at the Oklahoma Insurance Department.  MSIC contends that its campaign contributions were legal and that such evidence would be unfairly prejudicial to MSIC, given Fisher's recent conviction of crimes involving dishonesty.  Cook contends that it would be improper to allow MSIC to argue that the then-Oklahoma Insurance Commissioner personally approved the "Medicare + 26%" methodology but not allow evidence concerning the circumstances by which MSIC acquired his approval outside the Oklahoma Insurance Department's normal regulatory channels.  The Court agrees.  All contacts made between MSIC and Fisher prior to receiving Fisher's approval are clearly relevant and not unfairly prejudicial to issues surrounding MSIC's use of the "Medicare + 26%" methodology.  Rule 403.  MSIC's motion as it pertains to this issue is denied.

### D.     Oklahoma Department of Insurance Interim Reports.

MSIC moves the Court to exclude any mention of interim reports or findings from the Oklahoma Insurance Department as far as they may concern the Department's Market Conduct Examinations of MSIC.  MSIC contends that interim reports or findings are not available to the public under Oklahoma law, as they are confidential.  The Court agrees that unreleased or undisclosed interim reports are confidential.  See 36 Okla. Stat. § 309.4.  Here, though, Fisher released at least one interim report dated April 11, 2003, to MSIC, a member

of the public, therefore making the report public.  <u>See</u> 36 Okla. Stat. § 309.3(F).  Cook states

that he is unaware of any other interim reports and MSIC has not made the Court aware of

the existence of any other interim reports.  Accordingly, MSIC's motion pertaining to this

issue is denied but subject to reconsideration at trial on other unreleased interim reports if

their existence comes to light.

<u>CONCLUSION</u>

Cook's Motions in Limine [Dkt. Nos. 90, 92, 93] are GRANTED, whereas his Motion

in Limine [Dkt. No. 91] is DENIED.  MSIC's Motion in Limine is GRANTED IN PART and

DENIED IN PART, as delineated herein.

IT IS SO ORDERED this 13th day of April, 2006.


_____
ROBIN J. CAUTHRON
United States District Judge