IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN COOK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case Number CIV-05-289-C |
| ) | |
| MEDICAL SAVINGS INSURANCE ) | |
| COMPANY, an Indiana Corporation, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION

Before the Court is Defendant Medical Savings Insurance Company's Motion for a New Trial or Remittitur. Plaintiff filed a response and the matter is now at issue.

Defendant filed the present motion pursuant to Fed. R. Civ. P. 59(a), raising four grounds for relief. In response, Plaintiff asserts the jury's verdict was well-supported by the evidence presented at trial and that none of the Court's evidentiary rulings were in error.

Defendant's burden in successfully pressing its motion for new trial is significant. Indeed, the Tenth Circuit has stated, "[w]here a party moves for a new trial on the ground that the jury verdict is not supported by the evidence, the verdict must stand unless it is "clearly, decidedly or overwhelmingly against the weight of the evidence.'" York v. Am. Tel. & Tel. Co., 95 F.3d 948, 958 (10th Cir. 1996) (quoting Black v. Hieb's Enters., Inc., 805 F.2d 360, 363 (10th Cir. 1986)).

In its first claim for relief, Defendant argues there was insufficient evidence to support the jury's verdict of fraud. In support of this argument, Defendant directs the Court's attention to its Motion for Judgment as a Matter of Law and reurges the arguments presented

therein.  For the reasons stated in the Court's accompanying Memorandum Opinion denying Defendant's  Motion for Judgment as a Matter of Law, Defendant's request for a new trial on this issue is denied.

In its second claim, Defendant argues the jury's damage award was not supported by the evidence and the Court should grant a new trial or in the alternative a remittitur. According to Defendant, Mr. Cook's testimony regarding being upset or worried does not provide a sufficient basis on which a jury award of $550,000 may be made.

To grant a new trial or remittitur on the issue of excessive damages, "[t]he award must be so excessive that it shocks the judicial conscience and raises 'an irresistible inference that passion, prejudice, corruption, or other improper cause invaded the trial . . . .'"  Vining v. Enter. Fin. Group, Inc., 148 F.3d 1206, 1216 (10th Cir. 1998) (quoting Fitzgerald v. Mountain States Tel. & Tele. Co., 68 F.3d 1257, 1961 (10th Cir. 1995).

Here, Plaintiff argues the length of the jury's deliberations, including the fact that those deliberations occurred over a two-day time period, belies any claim that the verdict was the basis of passion or prejudice.  Plaintiff also argues that his testimony before the jury outlined a significant amount of mental anguish, concern, and distress over Defendant's handling of his medical expenses.  Plaintiff notes this distress began with his wife's visit to Lakeside Women's Clinic where she was informed that clinic did not accept insurance issued by Defendant and continued during his medical treatment following a diagnosis of prostate cancer, when he ran into similar difficulties securing payment or coverage from Defendant.  Plaintiff notes that as a result of Defendant's handling of his insurance claims,

he endured collection calls from Mercy Hospital. Plaintiff also noted his testimony regarding the worry he had over not knowing what his future medical expenses would be and whether or not Defendant would pay any portion of those expenses. In short, Plaintiff argues the evidence presented to the jury was sufficient to support the monetary amount.

After consideration of the arguments raised in the present motion and response brief, as well as the evidence presented at trial, the Court finds the jury's verdict was well-supported by the evidence and there is no inference or evidence that passion, prejudice, corruption, or other improper cause led to the verdict. The jury's verdict does not shock the judicial conscience and Defendant's request for new trial or remittitur will be denied.

Defendant next challenges the Court's decision in the summary judgment motion that Defendant's January 1, 2004, endorsement of the reimbursable charge rider was not an effective change to the group policy and individual endorsements. Defendant argues Plaintiff's presentation of evidence and testimony to the jury, that the endorsement was not lawfully secured, prejudiced it at trial. Defendant also argues the Court erred by preventing presentation of evidence that would have established Plaintiff's awareness of how his claims would be adjusted.

Defendant has failed to demonstrate any error in the Court's summary judgment ruling, that the evidence presented at trial was improper or that the Court should have permitted its proffered evidence. There was no evidence presented either before or at trial that Mr. Cook or any other of Defendant's insureds provided their written consent to the modification. Accordingly, pursuant to 36 Okla. Stat. § 1219.5 and <u>Aetna Life Ins. Co. v.</u>

Wilson, 1942 OK 59, ¶¶ 16 & 17, 123 P.2d 656, 658, the rider could not become a part of Plaintiff's insurance policy.  Therefore, Defendant's motion will be denied on this issue.

As its final claim for relief, Defendant argues the Court's allowance of evidence and argument related to the destruction of evidence and/or failure to produce evidence was improper.  Defendant argues that when Plaintiff's counsel questioned Mr. Suttles regarding production of documents, an improper argument was made that those documents had been destroyed or that Medical Savings had refused to produce the documents.  According to Defendant, because Plaintiff never challenged the production of these documents by way of a motion to compel it was error for counsel to raise these arguments.  Defendant, citing Timberlake Constr. Co. v. USF&G Co., 71 F.3d 335, 341 (10th Cir. 1995), argues the conduct of Plaintiff's counsel brought the issue of litigation misconduct before the jury and such evidence should only in very rare circumstances be presented to a jury.

Defendant overstates the reach of Timberlake.  In that case, the Tenth Circuit found error in the presentation to the jury of actions which it classified as standard and facially permissible litigation steps.  Id. at 340.  The Timberlake court was concerned with permitting litigation conduct to serve as evidence of bad faith as that would undermine an insurer's right to contest questionable claims.  Id. at 341.  That concern is not present here in relation to the cross-examination by Plaintiff's counsel.  Plaintiff's questioning did not place before the jury the issue of decisions made by Defendant about the method or strategy for pursuing the litigation.  Rather, on direct examination, Defendant's witness had alluded to the fact that its modification of Plaintiff's insurance contract had occurred with the permission and/or

blessing of the Oklahoma Insurance Department and in the course of that discussion the witness had noted that the document went through several drafts before being finalized. Plaintiff's cross-examination merely sought to provide for the jury copies of those drafts so that the accuracy of the witness's testimony could be measured. In this regard the destroyed documents were in fact evidence relevant to Plaintiff's bad faith claim and not evidence of actions Defendant undertook in maintaining its defense to Plaintiff's action. Consequently, Defendant's claim fails on this issue.

As set forth more fully herein, Defendant has failed to demonstrate the jury's verdict in favor of Plaintiff was clearly, decidedly, and overwhelmingly against the weight of the evidence. Likewise, Defendant has failed to demonstrate the jury's verdict was so excessive as to shock the judicial conscience. Accordingly, Defendant Medical Savings Insurance Company's Motion for a New Trial or Remittitur (Dkt. No. 153) is DENIED.

IT IS SO ORDERED this 12th day of June, 2006.

ROBIN J. CAUTHRON
United States District Judge