IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN COOK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case Number CIV-05-289-C |
| ) | |
| MEDICAL SAVINGS INSURANCE ) | |
| COMPANY, an Indiana Corporation, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION

Before the Court is Defendant Medical Savings Insurance Company's Motion for Judgment as a Matter of Law.  Plaintiff filed a response and the matter is now at issue.

Defendant filed the present motion pursuant to Fed. R. Civ. P. 50(b), arguing it is entitled to judgment as a matter of law because the evidence presented to the jury was insufficient to demonstrate by clear and convincing evidence that Plaintiff established the elements of his fraud claim.  Defendant further argues that because the fraud claim must fail, the punitive damages claim must be set aside.

Defendant argues that Plaintiff's testimony at trial did not provide a sufficient basis to support the fraud verdict.  According to Defendant, there is insufficient evidence of: reliance by Plaintiff on Mr. Russell's statements; that Mr. Russell made any misstatements or omissions; and/or that there was intent to deceive by Mr. Russell.  Defendant also argues that the only other communication between Plaintiff and Defendant regarding the insurance policy was the brochure, and the evidence surrounding that brochure at trial was insufficient to demonstrate fraud.  According to Defendant, there was no evidence presented at trial from

which a rational jury could find Plaintiff relied on the brochure in making his decision to purchase the policy. Finally, Defendant argues there was no evidence offered at trial demonstrating the brochure contained misstatements or omissions on which Plaintiff relied. Therefore, Plaintiff cannot premise his fraud claim on his reliance on the brochure.

Plaintiff argues that Defendant has waived any ability to raise a Rule 50(b) motion based on the representations of Mr. Russell. According to Plaintiff, the only argument made during Defendant's Rule 50(a) motion regarding the reliance issue was directed solely at the brochure. Therefore, Plaintiff argues, pursuant to Unitherm Food Sys., Inc. v. Swift-Echrich, Inc., ___ U.S. ___, 126 S.Ct. 980, 984 n.1 (2006), Defendant cannot now raise arguments in its Rule 50(b) motion that were not first raised in its Rule 50(a) motion. The Court disagrees with the factual basis of Plaintiff's argument.

In making its Rule 50(a) motion, Defendant moved for a directed verdict on the fraud or deceit claims as they relate to Troy Russell. Defendant argued there was no evidence or testimony that Mr. Russell deceived anyone or intended to deceive anyone and that as a result a verdict of fraud based on anything that Mr. Russell did would be inappropriate. Thus, although Defendant's argument was somewhat less than precise, it was adequate to preserve the issue for post-trial motions. See United Int'l (Holdings) Inc. v. Wharf Holdings, Ltd., 210 F.3d 1207, 1228-29 (10th Cir. 2000) (holding that technical precision is unnecessary and that rigid application is required only if necessary to protect the right to trial by jury or to ensure that the opposing party has adequate notice of the alleged error so that that error may

be cured.)  Thus, the Court finds Defendant did not waive its right to challenge the insufficiency of the misrepresentations of Mr. Russell.

The Tenth Circuit has made clear that:

> judgment as a matter of law is warranted only if the evidence points but one way and is susceptible to no reasonable inferences supporting the party opposing the motion.  We do not weigh the evidence, pass on the credibility of the witnesses, or substitute our conclusions for that of the jury.  However, we must enter judgment as a matter of law in favor of the moving party if there is no legally sufficient evidentiary basis . . . with respect to a claim or defense . . . under the controlling law.

Mason v. Oklahoma Turnpike Auth., 115 F.3d 1442, 1450 (10th Cir. 1997) (citations omitted).  In his response brief, Plaintiff provides excerpts from his trial testimony wherein he testified that he relied upon Mr. Russell's representations in deciding to purchase the policy.  Thus, there was evidence from which a jury could find that Defendant's agent made a material representation and that Plaintiff acted in reliance upon that representation.  Plaintiff also provides excerpts of his trial testimony wherein he relayed that Mr. Russell indicated his responsibility would be $5,000 and, after that, Defendant would pay 100% of all bills up to $1,000,000.  There was ample evidence presented at trial that Defendant would not pay 100% of all medical bills, even after Plaintiff had satisfied his deductible.  Thus, there is evidence before the jury demonstrating that Defendant's representations were false.

Plaintiff points to the trial testimony of Mr. Russell, Defendant's agent, wherein Mr. Russell testified he had read the entire sales brochure and understood Defendant's method for determining the amount it would pay on claims submitted by an insured such as Plaintiff.  Again, the evidence was clear that that method of payment was not 100% payment.  Thus,

3

there was evidence before the jury from which it could find that Mr. Russell's representation to Plaintiff that Defendant would pay 100% of his bills was known to be false or was intended to create a false impression of the actual facts. Consequently, Plaintiff's response brief establishes that the evidence presented to the jury did not point only one way. Thus, Defendant's motion must be denied.

As set forth more fully herein, there was evidence presented at trial supporting the jury's finding of fraud against Defendant. Accordingly, Defendant Medical Savings Insurance Company's Motion for Judgment as a Matter of Law (Dkt. No. 154) is DENIED.

IT IS SO ORDERED this 12th day of June, 2006.

ROBIN J. CAUTHRON
United States District Judge